PHILLIP A. TALBERT
United States Attorney
MATTHEW W. PILE, WSBA No. 32245
Associate General Counsel
Social Security Administration
Office of Program Litigation, Office 7
CHRISTOPHER D. VIEIRA, CABN 273781
Special Assistant United States Attorney
160 Spear St, Ste 800
San Francisco, California 94105
Telephone: (510) 970-4808
Facsimile: (415) 744-0134
E-Mail: christopher.vieira@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| BRITTANY JEAN PEREZ on behalf of M.T., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:20-cv-01469-KJN <br><br> STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920; [~~PROPOSED~~] ORDER <br><br> (ECF No. 23) |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount $4,275.00 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920.  This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel, if any.  Pursuant to *Astrue v. Ratliff*,

560 U.S. 586, 598, 130 S. Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor any assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel including counsel's firm may have relating to EAJA attorney fees or costs in connection with this action. Given that, the parties agree that Plaintiff's motion for fees under the EAJA should be withdrawn/denied as moot.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Date: September 28, 2022   /s/ *Jesse S. Kaplan**
JESSE S. KAPLAN
(as authorized by email on September 28, 2022)
Attorney for Plaintiff

Date: September 28, 2022   PHILLIP A. TALBERT
United States Attorney
MATTHEW W. PILE, WSBA No. 32245
Associate General Counsel
Social Security Administration

/s/ *Christopher Vieira*
CHRISTOPHER D. VIEIRA
Special Assistant United States Attorney
Social Security Administration
Attorney for Defendant

**ORDER**

Based upon the parties' Stipulation for the Award and Payment of Equal Access to Justice Act Fees, Costs, and Expenses, **IT IS ORDERED** that fees and expenses in the amount of $4,275.00 as authorized by 28 U.S.C. § 2412, and no costs under 28 U.S.C. § 1920, be awarded subject to the terms of the Stipulation.

Plaintiff's motion for fees under the EAJA (ECF No. 23) is therefore DENIED as moot.

Dated:  September 30, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE